The bill prayed a conveyance of the land or a repayment of the purchase money.
It is unnecessary to decide all the questions raised in this case, because we are satisfied that the law was correctly laid down in *Page 152 Allison v. Kirkland and alias, in this Court. It then follows that Mitchell acquired no legal title to the land under the purchase made by him at the sheriff's sale, because Hubbard himself had none. The latter purchased an improvement, which gave him only a right, in preference to others, to obtain a legal title from the State, towards which he had advanced so far as to make an entry. But the legal title remained in the State at the time of entry, an equitable title alone subsisting in the defendant, and this we have held could not be sold by execution.
Wherefore, the bill must be dismissed.
NOTE. — The case of Allison v. Gregory, 5 N.C. 333, decided that an equity of redemption could not be sold under an execution at law. But now it may, under the act of 1812, (1 Rev. Stat., ch. 4, sec. 5). Upon the construction of this act, see Moore v. Duffy, 10 N.C. 578; Harrison v.Battle, 16 N.C. 537; Mordecai v. Parker, 14 N.C. 425; Camp v. Coxe,18 N.C. 52; Henderson v. Hoke, 21 N.C. 119; McKay v. Williams, ibid., 398;Thorpe v. Ricks, ibid., 613.